TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00054-CR






Kimbrough Fred Estes, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT


NO. 6591, HONORABLE JOE CARROLL, JUDGE PRESIDING







A jury found appellant Kimbrough Fred Estes guilty of felony criminal mischief. Tex. Penal
Code Ann. § 28.03(a)(1), (b)(4)(A) (West 1994 & Supp. 1998). The district court assessed punishment
at incarceration in a state jail for six months and a $1000 fine, but suspended imposition of sentence and
placed appellant on community supervision. We will affirm.

On the night of April 9, 1996, David Torres fired six shots from a .22 caliber rifle into the
Lometa city hall. This action culminated an evening of beer drinking by Torres, Ben Blackburn, and
appellant. The men had been driving around Lometa in appellant's truck when they stopped near the city
hall to allow Blackburn to use a telephone. Torres seized the rifle, which belonged to appellant, and
announced that he was going to "shoot the building." According to both Torres and appellant, appellant
first urged Torres not to shoot, but then said, "Go ahead." The district court instructed the jury on the law
of criminal responsibility for the conduct of another and appellant was convicted as a party to the offense. 
See Tex. Penal Code Ann. §§ 7.02, 7.03 (West 1994).

Appellant contends the evidence is legally insufficient to sustain his conviction, arguing that
the State failed to prove that he solicited, encouraged, directed, or aided Torres. Instead, appellant
contends the evidence shows that he was merely present when Torres committed the offense. Appellant
correctly notes, and the jury was instructed, that mere presence does not make a person a party to an
offense. See Beardsley v. State, 738 S.W.2d 681, 685 (Tex. Crim. App. 1987). But presence is a
circumstance that may, with other facts, suffice to show that the accused was a participant. Id. Evidence
is sufficient to convict under the law of parties when the defendant is present at the commission of the
offense and encourages its commission by words or otherwise. Ransom v. State, 920 S.W.2d 288, 302
(Tex. Crim. App. 1996) (opinion on rehearing).

The evidence shows that Torres was a passenger in appellant's pickup and that the rifle
he used belonged to appellant. Appellant did not demand the return of his weapon or make any effort to
physically restrain Torres. Although both Torres and appellant testified that appellant initially tried to
dissuade Torres from shooting, the jury, as trier of fact, was entitled to give little or no weight to this
testimony. Miller v. State, 909 S.W.2d 586, 593 (Tex. App.--Austin 1995, no pet.). In any event,
appellant admitted that he told Torres to "go ahead" just before the shots were fired. Viewing all the
evidence in the light most favorable to the verdict, a rational trier of fact could have found appellant guilty
as a party to the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307 (1979);
Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim.
App. 1981) (standard of review). Point of error one is overruled.

Appellant's remaining point of error is that the district court erred by overruling his
objection to a question by the prosecutor during cross-examination of appellant. The prosecutor asked
appellant, "Now you heard his [Torres's] response about whether or not if you had told him, 'David, put
that gun up; don't shoot that building; let's leave.' He told us that he would have put the gun up. Now isn't
it obvious to you in looking back on it all that he was trying to get you to agree with him or to give him some
encouragement in your intoxicated states to do something that you wouldn't normally do?" Appellant
contends that this question was irrelevant and called for speculation.

The question was not answered. See Guzmon v. State, 697 S.W.2d 404, 408 (Tex.
Crim. App. 1985) (merely asking improper question is rarely reversible error). After appellant's objection
to the question was overruled, appellant asked the prosecutor to repeat it. The prosecutor restated the
question, asking appellant if it were "possible that he was obligated to you and . . . was looking for
acceptance from you to do something that normally y'all wouldn't do . . .?" Appellant did not object to
this question. See Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991) (party must
continue to object each time inadmissible evidence is proffered). Appellant answered that he did not
believe Torres was "looking for acceptance from me to shoot the building." The record does not reflect
error affecting appellant's substantial rights. See Tex. R. App. P. 44.2(b). Point of error two is overruled.

The judgment of conviction is affirmed.



 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: May 14, 1998

Do Not Publish



nt, and
announced that he was going to "shoot the building." According to both Torres and appellant, appellant
first urged Torres not to shoot, but then said, "Go ahead." The district court instructed the jury on the law
of criminal responsibility for the conduct of another and appellant was convicted as a party to the offense. 
See Tex. Penal Code Ann. §§ 7.02, 7.03 (West 1994).

Appellant contends the evidence is legally insufficient to sustain his conviction, arguing that
the State failed to prove that he solicited, encouraged, directed, or aided Torres. Instead, appellant
contends the evidence shows that he was merely present when Torres committed the offense. Appellant
correctly notes, and the jury was instructed, that mere presence does not make a person a party to an
offense. See Beardsley v. State, 738 S.W.2d 681, 685 (Tex. Crim. App. 1987). But presence is a
circumstance that may, with other facts, suffice to show that the accused was a participant. Id. Evidence
is sufficient to convict under the law of parties when the defendant is present at the commission of the
offense and encourages its commission by words or otherwise. Ransom v. State, 920 S.W.2d 288, 302
(Tex. Crim. App. 1996) (opinion on rehearing).

The evidence shows that Torres was a passenger in appellant's pickup and that the rifle
he used belonged to appellant. Appellant did not demand the return of his weapon or make any effort to
physically restrain Torres. Although both Torres and appellant testified that appellant initially tried to
dissuade Torres from shooting, the jury, as trier of fact, was entitled to give little or no weight to this
testimony. Miller v. State, 909 S.W.2d 586, 593 (Tex. App.--Austin 1995, no pet.). In any event,
appellant admitted that he told Torres to "go ahead" just before the shots were fired. Viewing all the
evidence in the light most favorable to the verdict, a rational trier of fact could have found appellant guilty
as a party to the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307 (1979);
Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim.
App. 1981) (standard of review). Point of error one is overruled.

Appellant's remaining point of error is that the district court erred by overruling his
objection to a question by the prosecutor during cross-examination of appellant. The prosecutor asked
appellant, "Now you heard his [Torres's] response about whether or not if you had told him, 'David, put
that gun up; don't shoot that build